IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SUSAN DOWNEY, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ALFA INSURANCE CORPORATION, )<br>)<br>Defendant. ) | Civil Action No. 2:10cv438-WHA<br><br>(wo) |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

This cause is before the court on a Motion to Dismiss Plaintiff's Class Claims (Doc. #7), filed on July 26, 2010.

The Plaintiff, Susan Downey, filed a Class Action Complaint on May 18, 2010.  The Plaintiff, Susan Downey, brings claims for gender discrimination on behalf of herself and all other female individuals who are similarly situated, under Title VII of the Civil Rights Act of 1964, as amended.

The Defendant, Alfa Insurance Corporation, filed a Motion to Dismiss which is directed to the class action aspect of the Plaintiff's Complaint.

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED, but the Plaintiff will be given an opportunity to replead her Complaint so as to establish her standing to bring claims for declaratory and injunctive relief.

**II.  MOTION TO DISMISS**

The court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399,

1402 (11th Cir. 1993).  In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.  *See Ashcroft v. Iqbal,* _ U.S. _,  129 S.Ct. 1937, 1949-50 (2009).   "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  *Id*.  (citation omitted).  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.   The factual allegations  "must be enough to raise a right to relief above the speculative level."  *Id*. at 555.

### III.  FACTS

The allegations of the Plaintiff's Complaint are as follows:

Downey has worked for Alfa since 1993.  Downey states in the Complaint that she seeks to represent a class of current, former, and future female employees who have been subjected to gender discrimination.  Downey alleges that Alfa has engaged in systemic gender discrimination in its selection, promotion, and compensation practices.  She specifically identifies a Claims Adjuster position given to Tim Wilson, a man, as a position which she was denied.  She alleges that after denial of that promotion, she filed an EEOC Charge of gender discrimination.  She further alleges that after she filed her charge, Alfa moved Wilson to a different location, and Downey was given his former Claims Adjuster position.

She seeks damages for herself for the initial denial of the position, but also seeks damages and declaratory and injunctive relief on behalf of the class.  It is unclear from the "Class Action Complaint" whether Downey seeks to proceed on an individual claim on her own behalf, in addition to the class action.

## IV.  DISCUSSION

Alfa has moved to dismiss Downey's Class Action Complaint, arguing that Downey does not have standing to pursue declaratory and injunctive relief on the basis of the class, and her class allegations do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.  Downey responds that Alfa's motion is premature, to the extent that it contends that the requirements of Rule 23 have not been met, and that she has standing.  She states that she has alleged sufficient facts to distinguish this case from those in which the plaintiff's claim was mooted.  *See, e.g., Tucker v. Phyfer*, 819 F.2d 1030 (11th Cir. 1987).

The court does have some concerns about Downey's ability to meet the requirements of Rule 23, particularly if Downey was promoted by the very process she seeks to challenge on behalf of the class.  *See, e.g., Eastland v. TVA*, No. 73-G-487, 1980 WL 210 at * 2  (N.D  Ala. July 8, 1980) (rejecting a class representative who had been hired, as having claims in conflict with applicants).  The court tends to agree with Downey, however, that dismissal of her class claims for failure to meet the requirements of Rule 23 is premature, particularly because of the standing issue.  It has long been the law in the Eleventh Circuit that

> any analysis of class certification must begin with the issue of standing and the
> procedural requirements of Title VII. Thus, the threshold question is whether the
> named plaintiffs have individual standing, in the constitutional sense, to raise
> certain issues. Only after the court determines the issues for which the named
> plaintiffs have standing should it address the question whether the named

>   plaintiffs have representative capacity, as defined by Rule 23(a), to assert the rights of others.

*Griffin v. Dugger*, 823 F.2d 1476, 1482 (11th Cir.1987) (citations omitted), *cert. denied*, 486 U.S. 1005 (1988).  Furthermore, cases relied on by Alfa in support of its motion, such as *Rhodes v. Cracker Barrel Old Country Store, Inc*., 213 F.R.D. 619 (N.D. Ga. 2003), were cases decided in the context of a motion for class certification by the plaintiff, rather than motions to dismiss by a defendant.[1]

Alfa specifically challenges Downey's standing because she has been given the Claims Adjuster position which formed the basis of her EEOC charge of discrimination.  "The offer of a position following the filing of an administrative charge may not deprive the putative plaintiff of the ability to challenge the defendant's practices, *at least with respect to injuries suffered prior to the offer*." 8 William B. Rubenstein, et al., *Newberg on Class Actions* § 24.47 (4th ed. 2010) (emphasis added).  Alfa, although challenging Downey's viability as a class representative under Rule 23 for damages claims, does not claim that she lacks standing to raise a claim for damages.  Instead, Alfa contends that she lacks standing to seek declaratory and injunctive relief on behalf of a class of persons.

Constitutional standing requires a showing that (1) the plaintiff alleges an actual or imminent injury, (2) the injury must be traceable to the alleged unlawful conduct, (3) the relief

---

[1] Alfa has quoted from an unpublished Eleventh Circuit opinion, *Drayton v. Western Auto Supply Co.*, 34 Fed. Appx. 387 (11th Cir. 2002), but the case found at that citation is merely a Table entry indicating that the district court's opinion was affirmed in part and reversed in part, with no additional text.

requested must be likely to remedy the plaintiff's injury.  *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1537 (11th Cir. 1994).

The allegations of the Class Action Complaint are clear that Downey herself has been promoted to the position of Claims Adjuster.  Downey apparently does not contend that denial of a Claims Adjuster promotion gives her standing to seek declaratory and injunctive relief, because she points in brief to her allegation that she and other women were prevented from advancing into higher level positions.  She also points out that she seeks an order that would restore her and the class to jobs they would be occupying but for Alfa's discriminatory practices.  While she states that there are positions other than Claims Adjuster to which she and the class have been denied promotion, she identifies no position to which she has been denied a promotion.

Downey also contends that she has pointed to a compensation system that is discriminatory, but she has not alleged that she is receiving compensation in the Claims Adjuster position that is different from men who occupy such positions.

The basis for Downey's standing is, therefore, unclear at best.  Rather than merely dismiss Downey's claims for lack of standing at this point, however, the court will give Downey an opportunity to more definitely state in an Amended Complaint the basis of her argument in brief that Alfa "continues to harm her."  Doc. #12 at page 4.  Downey should identify any continuing injury she allegedly suffers.  If she contends that she has been denied additional promotions, she should identify the positions which have been denied her, other than Claims Adjuster; whether she has applied for such positions; and whether she is qualified to perform those positions.  If compensation is the basis of her claim, she should allege how she personally continues to be injured by Alfa's compensation system.  If the Plaintiff cannot allege a basis for

her standing to seek declaratory judgment or injunctive relief within the strictures of Rule 11 of the Federal Rules of Civil Procedure, she should amend her Class Action allegations, and requested relief, accordingly.

## V.  CONCLUSION

For the reasons discussed, it is ORDERED as follows:

1.  The Motion to Dismiss Plaintiff's Class Claims (Doc. #7) is GRANTED, to the extent that the Plaintiff's Class Action Complaint is DISMISSED without prejudice to the Plaintiff refiling her claims.

2.  The Plaintiff has until September 23, 2010,is complete onto itself, and which sets forth the positions to which she has been denied promotion, and/or the denial of compensation, which she alleges give her standing to seek injunctive and declaratory relief on behalf of a class, or to file a new Amended Complaint, complete unto itself, which omits requested declaratory and injunctive relief on behalf of the class.

 Done this 9th day of September, 2010.

/s/ W. Harold Albritton  
W. HAROLD ALBRITTON  
SENIOR UNITED STATES DISTRICT JUDGE
