IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SUSAN DOWNEY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 2:10cv438-WHA |
| ) | |
| ALFA INSURANCE CORPORATION, ) | (wo) |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  FACTS AND PROCEDURAL HISTORY**

This cause is before the court on a Renewed Motion to Dismiss Plaintiff's Class Claims (Doc. #16), filed on October 7, 2010.

The Plaintiff, Susan Downey ("Downey"), filed a Class Action Complaint on May 18, 2010.  Downey brings claims for gender discrimination on behalf of herself and all other female individuals who are similarly situated, under Title VII of the Civil Rights Act of 1964, as amended.

The Defendant, Alfa Insurance Corporation ("Alfa"), filed a Motion to Dismiss which was directed to the class action aspect of the Plaintiff's Complaint.  That motion was granted, but the Plaintiff was given an opportunity to replead her Complaint to identify the continuing injury which she contends gives her standing to raise class claims in this case, including standing to bring claims for declaratory and injunctive relief.

Downey filed an Amended Complaint on September 23, 2010.  In her Amended Complaint, Downey alleges that because she was denied a Claims Adjuster position in October 2008 and did not receive the position until April 2009, she has suffered damage in the form of a

lower rate of pay from October 2008 to April 2009; lost bonus amounts, including a 2008 holiday promotion bonus; and lower matching 401(k) contributions and pension benefits. Downey also alleges that her service time in the Claims Adjuster position is shorter by over a year than it would have been in the absence of discrimination, resulting in decreased opportunities for future promotion.  Downey seeks both damages and injunctive and declaratory relief on behalf of a class.  Amended Complaint at ¶¶ 29-32.

## II.  MOTION TO DISMISS

The court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).   In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.  *See Ashcroft v. Iqbal,* _ U.S. _,  129 S.Ct. 1937, 1949-50 (2009).   "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  *Id*.  (citation omitted).   To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.   The factual allegations  "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

## III.  DISCUSSION

Alfa continues to challenge Downey's standing on the basis that Downey has been given the Claims Adjuster position which formed the basis of her EEOC charge of discrimination, and therefore has failed to allege that she personally continues to be injured by Alfa.

Constitutional standing requires a showing that (1) the plaintiff alleges an actual or imminent injury, (2) the injury must be traceable to the alleged unlawful conduct, (3) the relief requested must be likely to remedy the plaintiff's injury. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1537 (11th Cir. 1994). "Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate-as opposed to a merely conjectural or hypothetical-threat of future injury." *Wooden v. Board of Regents of University System of Georgia,* 247 F.3d 1262, 1284 (11th Cir. 2001).

Downey has alleged that she has not been made whole by being given the Claims Adjuster position, but is instead due monetary damages, and that she has standing to claim such damages on behalf of a class. Alfa does not appear to challenge Downey's standing to assert damages based on past discrimination. Alfa's arguments with regard to Downey's requested monetary relief are instead that monetary damages are highly individualized and, therefore, preclude certification under Rule 23. Such arguments, however, are more appropriately raised at the class certification stage. *Cf. Daigle v. Ford Motor Co.*, 713 F. Supp. 2d 822, 832 (D. Minn. 2010) (denying motion to strike class allegations where movant argued that plaintiff's damage claims required individualized proof).

With respect to the requested declaratory and injunctive relief, Alfa argues that Downey's Amended Complaint does not sufficiently cure the deficiencies of her original complaint with regard to standing. Alfa originally argued, and continues to argue, that because

Downey challenged the denial of a position which she now holds, and only vaguely refers to future promotions, she cannot establish standing to seek injunctive or declaratory relief.

In response, Downey has clarified in her Amended Complaint that the future promotions which she has identified are promotional opportunities based on length of service with Alfa. In her Amended Complaint, she requests, on behalf of herself and the class she seeks to represent, an order restoring her and the class into jobs they would now be occupying but for discrimination, and to remedy the effects of past discrimination. Amended Complaint at p. 22-3, ¶ e, h. In her brief, she argues that she is seeking injunctive relief to restore her service date to the date she would have been promoted in the absence of alleged discrimination. She relies on case law which recognizes that restoration of seniority may constitute appropriate relief for past discrimination. *See Franks v. Bowman Transp. Co., Inc.*, 424 U.S. 747, 770 (1976).

Alfa responds that *Franks* is to be distinguished because the plaintiff in *Franks* was not employed with the defendant. The employment status of the plaintiff in *Franks* is different from this case as a factual matter. That difference, however, does not undermine the legal proposition that length of service credit can be awarded as a remedy, nor Downey's standing as a currently-employed person seeking to be made whole through restoration of length of service credit. Downey ultimately may fail to obtain any injunctive relief on her own behalf, or on behalf of a class, should one be certified, but she has sufficiently identified an on-going injury she seeks to remedy through injunctive relief to establish standing.

The court concludes that Downey has identified a sufficient interest to establish her standing to seek damages and declaratory and injunctive relief on behalf of a class.[1] Other arguments raised by Alfa as to Downey's ability to prove that a class should be certified under Rule 23 will be evaluated if Alfa raises them again in response to a motion for class certification filed at the appropriate time by Downey.

## IV.  CONCLUSION

For the reasons discussed, the Renewed Motion to Dismiss Plaintiff's Class Claims (Doc. #16) is due to be and is hereby ORDERED DENIED.

Done this 10th day of November, 2010.

                                    /s/ W. Harold Albritton
                                    W. HAROLD ALBRITTON
                                    SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Having found standing on these bases, the court need not address Downey's other arguments as to her standing to assert claims in this case.